FILED
2022 APR 7 PM 3:26
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ANA MARIA RAVINES DE SCHUR,<br><br>Plaintiff,<br><br>v.<br><br>EASTER SEALS GOODWILL NORTHERN ROCKY MOUNTAIN, INC.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER TO FILE AMENDED COMPLAINT**<br><br>Case No. 2:22-cv-00228<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Pro se plaintiff Ana Maria Ravines de Schur, proceeding *in forma pauperis*, filed this action against Easter Seals Goodwill Northern Rocky Mountain, Inc. ("Easter Seals"). (*See* Compl., Doc. No. 4.) For the reasons explained below, the court ORDERS Ms. Ravines de Schur to file an amended complaint by **April 21, 2022**.

## LEGAL STANDARDS

Whenever the court authorizes a party to proceed *in forma pauperis*, the court may dismiss the case if it determines the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In determining whether a complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its

1

face." *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  The court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.  *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).  But the court need not accept the plaintiff's conclusory allegations as true.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff must offer specific factual allegations to support each claim."  *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).  Additionally, the court "must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings."  *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1271 (10th Cir. 1998) (internal quotation marks omitted).

Because Ms. Ravines de Schur proceeds pro se, her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."  *Hall*, 935 F.2d at 1110.  Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."  *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).  While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements," *Hall*, 935 F.2d at 1110, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

## ANALYSIS

In her complaint, Ms. Ravines de Schur alleges she is a refugee who applied for a job with Easter Seals. (Compl., Doc. No. 4 at 1–2.) She alleges she provided Easter Seals with documentation sufficient to demonstrate employability under federal law—specifically, a valid photo ID and a social security card. (*Id.* at 2.) However, she alleges Easter Seals demanded additional documentation to prove her employability, including her refugee travel document, her German passport, a copy of her political asylum decision, and statements from third parties such as the Provo City Housing Authority. (*Id.* at 2.) She claims these demands for additional documentation were illegal. (*Id.* at 3.) She filed charges with the U.S. Department of Justice's Office of the Chief Administrative Hearing Officer (OCAHO), but she is dissatisfied with the procedures in that administrative action and asks this court to hear the case instead. (*Id.* at 1, 3.)

With these allegations, Ms. Ravines de Schur appears to assert a claim under 8 U.S.C. § 1324b, which prohibits discrimination in hiring based on national origin or citizenship status. *See id.* § 1324b(a)(1). As relevant here, this statute bars an employer from requesting more or different documents than those required by federal law to show work authorization. *See id.* § 1342b(a)(6). This statute includes a private right of action, but it requires all claims to be brought through administrative proceedings in the first instance, with judicial review of administrative orders by the appropriate United States court of appeals. *See id.* § 1324b(b)–(g), (i). The statute does not contain any provision allowing a plaintiff to file an action in a United States district court—other than an action for enforcement of administrative orders. *See id.* § 1324b(j). Thus, this court lacks jurisdiction over Ms. Ravines de Schur's claim under section 1324b. If Ms. Ravines de Schur is dissatisfied with the administrative action, her remedy is to

3

file an appeal in the appropriate United States court of appeals—not to file a new action in district court.

Ms. Ravines de Schur also alleges wrongdoing by various entities which are not named as defendants in this action.  For example, she alleges the Utah Department of Workforce Services and nonprofit entity called Utah Valley Refugees have committed "refugee resettlement fraud."  (Compl., Doc. No. 4 at 1–2.)  But these allegations fail to state a plausible claim for relief against Easter Seals, the only named defendant.

For these reasons, this court lacks jurisdiction over Ms. Ravines de Schur's claim of discrimination under 8 U.S.C. § 1324b, and her complaint otherwise fails to state a plausible claim for relief under Rule 12(b)(6).  Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (internal quotation marks omitted).  Accordingly, the court gives Ms. Ravines de Schur an opportunity to amend her complaint.

## CONCLUSION

The court ORDERS as follows:

1. Ms. Ravines de Schur is ordered to file an amended complaint by **April 21, 2022**. The words "Amended Complaint" should appear in the caption of the document.

2. Once filed, the court will screen the amended complaint under 28 U.S.C. § 1915(e) and Local Civil Rule DUCivR 3-2(b).

3. Other than an amended complaint, the restriction on filing motions or other documents set forth in the court's March 31, 2022 order, (Doc. No. 3), remains in place.

4. Failure to file an amended complaint may result in a recommendation to dismiss this action.

DATED this 7th day of April, 2022.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge