# THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| ANA MARIA RAVINES de SCHUR,<br><br>Plaintiff,<br><br>v.<br><br>EASTER SEALS GOODWILL NORTHERN ROCKY MOUNTAIN, INC.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING [7] PLAINTIFF'S OBJECTIONS AND ADOPTING [6] REPORT AND RECOMMENDATION**<br><br>Case No. 2:22-cv-228<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

This case is before the court on a Report and Recommendation issued by United States Magistrate Judge Daphne A. Oberg.[1] After seeking leave to proceed *in forma pauperis*,[2] which was granted,[3] Plaintiff filed her complaint on March 31, 2022.[4] Because Plaintiff is proceeding *in forma pauperis*, Judge Oberg conducted a mandatory review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e) and ordered Plaintiff to file an amended complaint, warning her that failing to do so may result in a recommendation to dismiss her case.[5] After Plaintiff failed to file an amended complaint, Judge Oberg issued a Report and Recommendation recommending that the court dismiss Plaintiff's complaint without prejudice pursuant to § 1915(e) because Plaintiff

---

[1] ECF No. 6, filed June 13, 2022.

[2] ECF No. 1.

[3] ECF No. 3.

[4] ECF No. 4.

[5] ECF No. 5.

failed to state a claim for which relief can be granted.[6] Plaintiff timely filed objections pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72.[7]

## LEGAL STANDARD

The court must conduct a de novo review of any part of a magistrate judge's report and recommendation that has been properly objected to.[8] To trigger this de novo review, an objection must be timely and sufficiently specify the factual and legal issues that are in dispute.[9]

## ANALYSIS

Plaintiff's sole objection to the Report and Recommendation is that Judge Oberg improperly concluded that her claims against Defendant are frivolous. However, to support this objection, Plaintiff does no more than restate many of the allegations made in her complaint. That complaint contained many allegations, including some against parties not named as defendants, but did not identify a specific cause of action. Interpreting the complaint liberally, as was required in such a case,[10] Judge Oberg concluded that Plaintiff may have asserted a discrimination claim under 8 U.S.C. § 1324b.[11] However, Judge Oberg concluded that although § 1324b provides a private right of action for certain administrative proceedings, it does not provide a right to bring an action in district court. Judge Oberg further noted that many of the allegations related to actions by other entities that are not parties to this action.[12]

---

[6] *See generally* ECF No. 6.

[7] ECF No. 7, filed June 22, 2022.

[8] Fed. R. Civ. P. 72(b)(3).

[9] *See United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).

[10] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[11] ECF No. 6 at 4.

[12] *Id.*

Having conducted a de novo review, the court finds the Report and Recommendation's analysis thorough and its conclusion that Plaintiff's claims are frivolous correct. Plaintiff's restatement of her allegations in her objection and provision of additional materials fail to show otherwise. Therefore, Plaintiff's claims must be dismissed.

ORDER

For the foregoing reasons, Plaintiff's objections to Judge Oberg's Report and Recommendation are OVERRULED, and the Report and Recommendation is ADOPTED WITHOUT MODIFICATION. Accordingly, Plaintiff's action is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e).

Signed June 27, 2022.

BY THE COURT

_____
David Barlow
United States District Judge